**E-FILED: 12/3/10**

**JS - 6**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Product Partners, LLC | CASE NO. CV 10-4889-GHK (VBKx) |
| Plaintiff, | |
| v. | **JUDGMENT AND PERMANENT INJUNCTION** |
| Jeff Tam, | |
| Defendants. | |

Based upon our December 3, 2010 Order Granting Plaintiff Product Partners, LLC's ("Plaintiff") Motion for entry of default judgment and permanent injunction against Defendant Jeff Tam ("Defendant"),

IT IS HEREBY **ADJUDGED** THAT:

1) Plaintiff **SHALL** have judgment against Defendant in the total sum of $285,600.00, with interest on this principal amount according to the statutory rate pursuant to 28 U.S.C. § 1961(a).

2) The principal sum of $285,600.00 consists of: $200,000.00 in statutory damages for violation of the Lanham Act, 15 U.S.C. § 1117, $80,000.00 for violation of the Copyright Act, 17 U.S.C. § 504(c) of the Copyright Act, and attorneys' fees in the amount of $5,600.00 under L.R. 55-3.

3) Defendant is hereby restrained and enjoined from:

    (a) manufacturing, advertising, distributing, offering for sale, selling, whether directly or indirectly, counterfeit P90X® Extreme Home Fitness kits and any other BEACHBODY® fitness DVDs of any kind bearing Plaintiff's marks or names that are confusingly similar to the trademarks, trade names, designs or logos of Plaintiff;

    (b) using Plaintiff's marks or any copy, reproduction, or colorable imitation, or confusingly similar simulation of Plaintiff's marks on or in connection with the promotion, advertising, distribution, manufacture or sale of Defendant's goods; and

    (c) Defendant must cancel, withdraw or recall all his unauthorized promotions, advertisements and merchandise bearing Plaintiff's marks or any confusingly similar simulation of Plaintiff's marks, which have been published, placed or shipped by Defendant or under Defendant's authority, to any person, entity, or customer, including, without limitation, any publisher, agency, wholesaler, distributor, retailer, consignor or marketer, and also deliver to each publisher or customer a copy of this Court's order as it relates to said injunctive relief against Defendant.

4) Plaintiff **SHALL** serve this Judgment on Defendant prior to its execution.

5) The Court **SHALL** retain jurisdiction over this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment.

**IT IS SO ORDERED**.

DATED: December 3, 2010

_____
GEORGE H. KING
United States District Judge